# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF NORFOLK, NOVEMBER TERM 1842, AT DEDHAM.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } Justices.
Hon. SAMUEL HUBBARD,

---

## Lydia Brett *vs.* Daniel Brett.

Where parties, who are residents of another State, are married there and reside there after marriage, and the husband there deserts the wife, and she afterwards removes into this State, and resides here five years, the desertion being continued during that time, she is not entitled to a divorce, under *St.* 1838, *c.* 126, although she and her husband lived together in this State a part of the time between the marriage and the desertion. The court has no jurisdiction of such a case.

Libel for a divorce from the bond of matrimony, under *St.* 1838, *c.* 126.

It was proved, at the hearing before *Dewey*, J. at the November term, 1841, that the parties resided in New Hampshire at the time of their marriage, and several years subsequently; that they then removed to Bridgwater, in this Commonwealth, and after residing there five years, returned to New Hampshire, where they resided fifteen years; that in 1829, while they were residing in New Hampshire, the respondent utterly deserted the libellant, and has ever since lived apart from her, without her consent; and that the libellant removed into this Commonwealth, in 1831, and has resided here ever since.

20 *

The question, whether the libellant was entitled to a decree of divorce, was reserved for the consideration of the whole court.

DEWEY, J. The objection to granting the prayer of the libellant and decreeing a divorce from the bond of matrimony, under the provisions of *St.* 1838, *c.* 126, arises wholly upon the question, whether the court has jurisdiction over the parties and the case made out by the evidence.

The parties resided in New Hampshire, when they were, married, and for fifteen years immediately preceding the wilful desertion now complained of ; and but for the fact, that they had, at a period earlier than fifteen years before the desertion by the husband, lived together, as husband and wife, in this Commonwealth, the case would fall within the restriction of the Rev. Sts. *c.* 76, § 9, that "no divorce shall be decreed for any cause, if the parties have never lived together, as husband and wife, in this State." But the parties having thus lived in this Commonwealth, at a former period, this statute provision, taken literally, does not exclude the jurisdiction of the court over this case. The question then arises, whether other provisions, and the general spirit and purpose indicated by our statutes, and the general principles of law applicable to our jurisdiction in relation to violations of the marriage contract, and granting divorces therefor, do not clearly forbid us to entertain jurisdiction of this case and grant a divorce for the cause alleged.

Had this been a libel for a divorce for the cause of adultery shown to have been committed while the parties resided in New Hampshire, clearly the libel could not have been sustained. *Hopkins* v. *Hopkins*, 3 Mass. 158. *Carter* v. *Carter*, 6 Mass. 263. The principle settled in these early cases is distinctly adopted in the Rev. Sts. *c.* 76, § 11, wherein it is enacted, that "no divorce shall be decreed for any cause, which shall have occurred in any other State or country, unless one of the parties was then living in this State."

Our laws of divorce, as administered, furnish full protection to married women continuing to reside in the Commonwealth, in cases where the parties have lived here as husband and wife,

Brett *v.* Brett.

and the husband goes abroad and commits an offence, or does an act, which by our laws will justify a divorce. Even the general law of domicil is so far modified, in reference to libels for divorces, that the domicil of the wife is held not to be affected by the actual removal of the husband from the Commonwealth, so as to oust this court of jurisdiction. *Harteau* v. *Harteau*, 14 Pick. 181.

But the original act of desertion of this libellant by her husband was in New Hampshire, when this was their domicil, their stated home, for fifteen years then next preceding. This being so, the only possible mode of avoiding the provision of the revised statutes, which forbids a divorce for any cause which shall have occurred in any other State, is the position, that inasmuch as more than five years have elapsed since the libellant came to reside in this State, and as the desertion of the husband has been continued during the whole term, it may properly be held that the cause of the divorce has its foundation wholly in the acts of the husband since the libellant came here to reside. We do not think this ground tenable. The husband did not desert his wife in Massachusetts. Their domicil was in New Hampshire, and he deserted her there. This desertion was not an act for which he was amenable to the courts of this State. It may or may not have been, by the laws of New Hampshire, such a violation of his marital duties, as would there subject him to a dissolution of the marriage. The removal of the wife to this State, subsequently to the desertion by the husband, could not give this court jurisdiction of a cause thus originating elsewhere.

While we would give full force and effect to *St.* 1838, *c.* 126, in cases of our own citizens, and for causes occurring within the Commonwealth, it is equally the imperative duty of the court to abstain from interfering with the marriage relations. existing between persons having a foreign domicil, and from taking cognizance of an application for a dissolution of the bond of matrimony for causes occurring within another jurisdiction to which the parties are more properly amenable — they both re·

siding within such other jurisdiction at the time of the happening of the alleged cause for a divorce.*

*Libel dismissed.*

*E. Ames,* for the libellant.

---

* By *St.* 1843, *c.* 77, the court are empowered to grant divorces for causes occurring out of the Commonwealth, if the libellant has resided five successive years within the Commonwealth, and did not remove into the Commonwealth for the purpose of procuring a divorce under the laws thereof.